**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-6627**

---

RICHARD LEE GRAVELY,

        Plaintiff - Appellant,

    v.

BRADY HINCHMAN,

        Defendant - Appellee.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:24-cv-00583)

---

Submitted:  December 19, 2025               Decided:  July 17, 2026

---

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

Richard Lee Gravely, Appellant Pro Se.  Drannon L. Adkins, Wendy Elizabeth Greve, PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard L. Gravely filed a 42 U.S.C. § 1983 complaint against Deputy Brady Hinchman, alleging false arrest and imprisonment and malicious prosecution. After applying the one-year statute of limitations established by W. Va. Code Ann. § 55-2-12(c) (LexisNexis 2024), the district court adopted the magistrate judge's recommendation and granted Hinchman's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), finding that Gravely's claims were untimely. We vacate the district court's order and remand for further proceedings.

Although § 55-2-12(c) establishes a one-year statute of limitations for state law claims of false arrest and imprisonment and malicious prosecution, "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). And "in West Virginia, [a] two-year statute of limitations for personal injury actions applies." *Smith v. Travelpiece*, 31 F.4th 878, 883 (4th Cir. 2022) (citing W. Va. Code Ann. § 55-2-12(b) (LexisNexis 2024)). Both parties agree the proper statute of limitations is two years, not one year, and so do we. Because Hinchman arrested and charged Gravely with obstruction in November 2022, and because the malicious prosecution claim accrued on May 22, 2023, when the state court dismissed it, Gravely's October 2024 complaint was timely.[1]

---

[1] Hinchman encourages us to affirm based on his assertion of qualified immunity. "Our review is not limited to the grounds the district court relied upon, and we may affirm on any basis fairly supported by the record." *Liberty Mut. Ins. Co. v. Atain Specialty Ins.*

Accordingly, we vacate the district court's order and remand for further proceedings.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

*Co.*, 126 F.4th 301, 306 n.7 (4th Cir. 2025) (citation modified). We decline to affirm based on qualified immunity on the present record.

[2] We express no opinion on a subsequent assertion of qualified immunity or on the merits of Gravely's claims.